IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CV-137-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| GEORGE E. LANCASTER, JR., and MARTHA B. LANCASTER, | ) ) ) ) |
| Defendants. | ) ) |

On January 14, 2008, plaintiff, the United States ("government"), moved for summary judgment. Defendants George Lancaster, Jr. and Martha Lancaster ("the Lancasters") did not file a response. The court has independently reviewed the entire record. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 415–16 (4th Cir. 1993). For the reasons discussed below, the government's motion is granted, and the government is awarded $30,778.26.

I.

The court considers the facts in the light most favorable to the Lancasters. See, e.g., United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). On November 5, 1999, the Lancasters entered into a loan contract ("the Note") with the United States Small Business Administration ("SBA"). See generally Stacey Stephens Aff. Ex. 1. Under the Note, the SBA agreed to loan the Lancasters $23,600, and the Lancasters agreed to repay that principal sum at four percent interest. Id. at 1. The Lancasters agreed to make monthly payments of $180.00 beginning five months after executing the Note, and agreed to make a final payment of any remaining interest and principal fifteen years after executing the Note. Id. The Lancasters further agreed that the SBA could accelerate the debt and demand full payment if the Lancasters failed to make a payment when due. Id. The Lancasters also agreed to pay all expenses that the SBA might incur in attempting to

gain satisfaction of the debt. Id.

The Lancasters last made a timely monthly payment on the Note on December 2, 2002. See Stacey Stephens Aff. Ex. 3. On April 25, 2003, the SBA declared the Lancasters in default on the Note, and accelerated the debt. See id. Ex. 4. The SBA demanded the entire remaining principal and interest balance of $21,498.78, and noted that interest would continue to accrue until the Lancasters paid the debt in full. Id. The Lancasters did not respond to the letter. See Compl. ¶ 4.

On August 5, 2006, the SBA referred the debt to the United States Department of the Treasury's Financial Management Service branch ("FMS"). See Jennifer Plant Aff. ¶¶ 8–9 & Ex. 2; see generally 31 U.S.C. § 3711. On August 7, 2006, FMS sent another demand letter to the Lancasters, but they did not respond. Jennifer Plant Aff. ¶ 10a & Ex. 4. On September 2, 2006, FMS referred the debt to a private collection agency ("PCA"). Id. ¶ 10c & Ex. 4. The Lancasters did not return any of the PCA's phone calls. Id. ¶ 10c. On June 9, 2007, FMS referred the debt to a second PCA. Id. ¶ 10d & Ex. 5. George Lancaster told collection officers for the second PCA that he was due to have surgery, but would attempt to get a loan from Sentera Bank to repay the debt. Id. ¶ 10d. There were no further communications between the Lancasters and the second PCA. Id.

On June 22, 2007, FMS referred the debt to the United States Department of Justice for collection. Id. ¶ 10f. On August 23, 2007, the government filed suit against the Lancasters, demanding judgment in the amount of $30,778.26 (representing principal of $21,164.78, interest of $2,880.73, and administrative costs of $6,732.75). See Compl. ¶ 3. On October 9, 2007, the Lancasters wrote to the United States Attorney for the Eastern District of North Carolina. See Letter from George Lancaster & Martha Lancaster to George E.B. Holding, United States Attorney, E.D.N.C. (Oct. 9, 2007). George Lancaster wrote, "I know I took the loan out and I know I owe, but I have no money to pay SBA back." Id. The letter was signed by and represented the position of both George Lancaster and Martha Lancaster. See id.

2

II.

Summary judgment should be granted where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. See, e.g., Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Diebold, 369 U.S. at 655. Where the non-moving party does not respond to a motion for summary judgment, the court must independently review the record to ensure that the movant is entitled to judgment as a matter of law. See Custer, 12 F.3d at 415–16.

The court has reviewed the entire record. The undisputed facts show that the Lancasters are indebted to the government, and that they have not paid the debt. The Lancasters admit that they owe the debt. Accordingly, there is no genuine dispute of material fact, and the government is entitled to judgment as a matter of law.

III.

The government's motion for summary judgment is GRANTED. Plaintiff is entitled to recover $30,778.26 from the defendants. Post-judgment interest now begins accruing at the governing legal rate.

SO ORDERED. This 3 day of March 2008.

JAMES C. DEVER III
United States District Judge